UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL TAYLOR, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01464-SEB-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

The motion of Petitioner Darryl Taylor for relief pursuant to 28 U.S.C. § 2255 challenges his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons explained, his motion for relief must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

In February 2009, Mr. Taylor was found guilty by a jury of two counts of armed robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c). Mr. Taylor was sentenced to 444 months' imprisonment (24 months on each of Counts 1 and 3, to be served concurrently; 120 months on Count 2, to be served consecutively; and 300 months on Count 4, to be served consecutively.) Mr. Taylor appealed and the Seventh Circuit affirmed Mr. Taylor's conviction and sentence. *United States v. Taylor*, 604 F.3d 1011 (7th Cir. 2010).

Mr. Taylor filed a post-conviction motion claiming ineffective assistance of counsel and that motion was subsequently denied. On June 2, 2016, the Seventh Circuit authorized Mr. Taylor to file a second or successive motion pursuant to 28 U.S.C. § 2255(h) to argue that attempted Hobbs Act Robbery no longer qualifies as a predicate crime of violence for § 924(c). On June 15, 2016, Mr. Taylor filed a second § 2255 motion.

*Discussion*

The Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Seventh Circuit recently summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

Following *Johnson*, defendants across the country have challenged their convictions and sentences under statutes that have the same or similar language as the ACCA's residual clause, arguing that those statutes must likewise be unconstitutionally vague. Mr. Taylor raises one variant of this argument, challenging the residual clause found in § 924(c)(1)(A).

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force

clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

Mr. Taylor argues that his convictions for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), which are predicated on Hobbs Act robbery as the crime of violence, are no longer valid in light of *Johnson*. Specifically, Mr. Taylor argues that his Hobbs Act robberies, 18 U.S.C. § 1951, do not qualify as a crimes of violence under the force clause and that *Johnson* invalidated any convictions under the residual clause.

The Seventh Circuit has held that *Johnson*'s holding extends to and therefore invalidates the residual clause in § 924(c)(3). *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, the Seventh Circuit has held that Hobbs Act robbery constitutes a crime of violence under the force clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)). Therefore, even though *Johnson* invalidated § 924(c)(3)'s residual clause, Hobbs Act robbery remains a crime of violence under § 924(c)(3)'s force clause, and it therefore constitutes a valid predicate crime of violence for the purposes of Mr. Taylor's convictions. Mr. Taylor is thus not entitled to relief.

*Conclusion*

The foregoing circumstances show that Mr. Taylor is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, No. 1:08-cr-00039-SEB-KPF-1.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Taylor has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/21/2018

_SARAH EVANS BARKER_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DARRYL TAYLOR
08795-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov